

United States District Court
Southern District of Texas
FILED

JUL - 7 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD MORIN, DIANA MORIN, | § | |
| JENNIFER MAY GWIN, DANNY | § | |
| MORIN, AND RUBEN RIOS, SR, AS | § | |
| NEXT FRIEND OF RUBEN | § | |
| RIOS, JR., A MINOR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-105 |
| | § | |
| RALPH D.  MOORE, | § | |
| JOSEPH VASQUEZ, | § | |
| JIM SCHEOPNER, AND | § | |
| CITY OF HARLINGEN, TEXAS | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DONALD MORIN, DIANA MORIN, JENNIFER MAY GWIN, DANNY

MORIN, and RUBEN RIOS, SR, AS NEXT FRIEND OF RUBEN RIOS, JR., (hereinafter

referred to as "Plaintiffs"), complaining against RALPH D. MOORE, (hereinafter referred to as

"Defendant Moore"), JOSEPH VASQUEZ,, JIM SCHEOPNER (hereinafter referred to as

"Defendant Scheopner") and CITY OF HARLINGEN, TEXAS (hereinafter "Defendant

Harlingen"), and for cause of action would respectfully show this Honorable Court the following:

### I.
### Parties

1.     Plaintiff, Donald Morin, is, and at all times relevant was, a citizen of the State of
       Texas residing in Houston, Harris County, Texas.

2.     Plaintiff, Diana Morin, is, and at all times relevant was, a citizen of the State of
       Texas residing in San Benito, Cameron County, Texas.

3.    Plaintiff, Jennifer May Gwin, is, and at all times relevant was, a citizen of the State
      of Texas residing in San Benito, Cameron County, Texas.

4.    Plaintiff, Danny Morin, is, and at all times relevant was, a citizen of the State of
      Texas residing in Houston, Harris County, Texas.

5.    Plaintiff, Ruben Rios, Sr., as Next Friend of Ruben Rios, Jr., is, and at all times
      relevant was, a citizen of the State of Texas residing in San Benito, Cameron
      County, Texas.

6.    Defendant, City of Harlingen, Texas is a municipality and political subdivision of
      the State of Texas, located within the boundaries of the Brownsville Division of
      the United States District Court for the Southern District of Texas.  It may be
      served with process by serving its secretary, Ms. Sylvia Trevino, at 118 E. Tyler
      Street, Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of
      Civil Procedure 4(j)(2).  It is Defendant, City of Harlingen's responsibility and duty
      to promulgate and implement policies and procedures regarding the possession and
      use of deadly weapons by its officers and their storage and security to prevent their
      unlawful use against citizens.  It is the responsibility of the Defendant City of
      Harlingen, Texas to hire, fire, discipline, train, and supervise Defendant, City of
      Harlingen, Texas Police Department Officers.

7.    Defendant, Ralph D. Moore, is, and at all times relevant to this complaint was
      employed and acted under color of law as a police officer and detective for the
      City of Harlingen and may be served with process at 1102 Commerce Street,
      Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of Civil
      Procedure 4(e).  It is Defendant Moore's responsibility and duty  not to improperly
      possess deadly weapons and to properly secure deadly weapons to prevent their
      unlawful use against citizens.  It is also Defendant Moore's responsibility and duty
      to comply with minimum constitutional requirements and to comply with the actual
      policies, procedures, practices, and customs of Defendant City of Harlingen,
      Texas.

8.    Defendant Jim Scheopner, Individually, is, and at all times relevant to this
      complaint was employed and acted under color of law as a police officer and
      police chief for the City of Harlingen and may be served with process at 1102
      Commerce Street, Harlingen, Cameron County, Texas 78550, pursuant to Federal
      Rule of Civil Procedure 4(e).  It is Defendant Scheopner's responsibility and duty
      to ensure that all deadly weapons owned and in possession or use by the Harlingen
      Police Department and its officers are properly stored and secured in the custody
      of the Harlingen Police Department and its officers.  It is also Defendant
      Scheopner's responsibility and duty to comply with minimum constitutional
      requirements and to comply with actual policies, procedures, practices, and
      customs of Defendant City of Harlingen, Texas.

9.     Defendant Joseph B. Vasquez is and all times relevant to this complaint was employed and acted under color of Law as a police officer and detective for the City of Harlingen and may be served with process at 1102 Commerce Street Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of Civil Procedure 4(e). It is Defendant Vasquez responsibility and duty not to improperly possess deadly weapons and to prevent the sale of deadly weapons to prevent their unlawful use against citizens. It is also Defendant Vasquez responsibility and duty to comply with minimum Constitutional requirements and to comply with the actual policies, procedures, practices, and customs of Defendant City of Harlingen, Texas.

## II.
## Jurisdiction and Venue

10.     Jurisdiction is conferred on this Honorable Court by 28 U.S.C. §1331 and §1343(a)(3)42, to redress the deprivation of Decedents' rights, privileges, and immunities pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.  Federal question jurisdiction is conferred on this Court because this action arises to redress violations by the Defendants of Decedents' rights under the Constitution and laws of the United States.  This Honorable Court has pendant jurisdiction over all claims asserted under the laws of the State of Texas pursuant to 28 U.S.C. §1367(a).

11.     Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391(b) because this is the judicial district wherein all of Defendants reside and where a substantial part of the events or omissions giving rise to the claim occurred.

## III.
## Pending Causes of Action

CIMPDF - www.fesito.com

12.     This Honorable Court has acquired jurisdiction and venue of two other claims against some of the above Defendants arising out of a related transaction, event or omissions pending in Cause No. B-98-162 and Cause No. B-99-070.

## IV.
### Preliminary Statement

13.     Plaintiffs Donald Morin, Diana Morin, Danny Morin, and Jennifer May Gwin are United States Citizens and are the surviving natural children of Margarita Flores; Ruben Rios, As Next Friend of Ruben Rios, Jr., is the surviving natural minor child of Delia Morin.  Margarita Flores and Delia Morin, both deceased, were subjected to deadly use of force in a violation of rights guaranteed to them by the Fourth Amendment to the United States Constitution.  Plaintiffs bring this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privilege, or immunities secured by the Constitution and laws.

14.     Plaintiffs seek compensatory damages and reasonable attorney's fee as authorized by 42 U.S. §1988.

## V.
### Facts

15.     On July 7, 1998, Ernest Moore, son of Defendant Moore, proceeded to Margarita Flores' home in search of his ex-girlfriend Julie Cox.  While at the residence Ernest Moore pointed a high caliber assault rifle (AK-47) at Plaintiff Donald Morin and demanded entrance to the home. Ernest Moore grabbed Julie Cox by her arm and started pulling her out of the house.  In the mist of a confrontation because of his presence and his attempt to physically remove his ex-girlfriend from the home, Ernest Moore shot and killed Margarita Flores and her daughter Delia Morin. Defendant Moore, a police officer and detective for the City of Harlingen, owned the AK-47

assault rifle and the ammunition used to kill Margarita Flores and Delia Morin. Defendant Moore

used and stored the assault rifle in a gun safe located in Ernest Moore's room, together with an

AR-15 assault rifle, which made them easily accessible to Ernest Moore. This same AK-47

assault rifle was alleged to have been purchased by City of Harlingen Police Captain, Joseph B.

Vasquez, who then allegedly transported, sold, and transferred the assault rifle to Defendant

Moore. The officers were both acting under the color of state law during the purchase,

transportation, and transfer of the assault rifle. Defendant City of Harlingen and Defendant

Scheopner, as chief of police, allowed Defendant Moore to keep and store at home the assault

rifle as a service weapon, although Defendant Moore was not trained, qualified, or proficient in

the use of said weapon.

## VI.
## Claims Against City of Harlingen

### Federal Claim

16.    Defendant Harlingen Acting at all relevant times through its agents, servants and

/or employees including but not limited to the co defendants, intentionally, deliberately, or with

conscious indifference to the lives and safety of citizens, including Margarita Flores and Delia

Morin, adopted or maintained, through its final policymakers, unconstitutional policies and

customs, and failed to implement constitutional and proper policies and procedures. Defendant

Harlingen's actions caused and resulted in the violation of the constitutional rights of Margarita

Flores and Delia Morin secured under the Constitution and laws of the United States. Defendant

Harlingen's actions and omissions include, but are not limited to the following:

(1)    Failing to promulgate and implement policies and procedures regarding the
       issuance, purchase, and possession of deadly weapons by police officers including
       their storage and security in order to prevent their unlawful use against citizens.

(2)     Failing to promulgate, adopt and implement policies and procedures that no weapon be issued to or allow personal weapon in possession of an officer unless the officer is proficient and trained in its usage.

(3)     Issuing, authorizing, approving, and ratifying the issuance, purchase and possession of the AK-47 assault rifle by Defendant Vasquez and Defendant Moore who were not trained or proficient in the use of said weapon.

(4)     Failing to train and require Defendant Vasquez and Defendant Moore to demonstrate proficiency in the proper use and storage of the AK-47 assault rifle.

(5)     Failing to discipline Chief of Police Scheopner, Defendant Vasquez, and Defendant Moore for improper issuance and allowing the purchase, possession and use of the AK-47 assault rifle.

(6)     Allowing Defendant Moore to keep the rifle although he was never trained on how to use or store it and had no duties that required the use of such weapon that could fire rounds in rapid succession at great distance with extreme accuracy.

(7)     Allowing Defendant Moore to keep rifles in his son's room and allowing the use of the weapon, knowing that his son Ernest Moore was psychologically unstable, a cocaine and marijuana user, under Prozac medication, and a collector of Neo-Nazi propaganda.

(8)     Having in an administrative position Chief of Police Jim Scheopner who allowed favored officers and friends, such as Defendant Vasquez and Defendant Moore to circumvent and violate laws and departmental procedures, and not remedy the situation by removal or discipline.

(9)     Maintain unconstitutional policies and failure to enforce existing procedure, by allowing Defendant Vasquez and Defendant Moore to have possession of the AK-47 rifle despite the fact that they were was not trained to safely use or store, and was not needed to perform any of their duties and could make it readily accessible to Defendant Mores' son.

17.     It was and is the responsibility of the City of Harlingen to properly hire, train, supervise, test, and discipline City of Harlingen Police Department officers and to implement and enforce proper policies and procedures to ensure that it and its officers are not intentionally, deliberately, or consciously indifferent to the lives and safety of citizens and violating their constitutional rights by a state-created danger.

CilsPDF - www.fastio.com

18.     Defendant Harlingen's actions violated Margarita Flores and Delia Morin's Fourteenth Amended rights to the United States Constitution for which redress is provided pursuant to 42 U.S.C.§1983.

Texas Tort Claim

19.     At the time of the incident in question, Defendant's condition or use of the AK-47 assault rifle as tangible personal property was negligent.  This claim arises from the condition or use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act.  The occurrence giving rise to this claim was a direct and proximate result of the conduct of Defendant and the deaths of Margarita Flores and Delia Morin (Decedents). Defendant City of Harlingen was negligent in various acts and omission, each of which singularly and collectively were the proximate cause of the death of Margarita Flores and Delia Morin. Defendant Harlingen breached the duty owed to Decedents, to exercise reasonable care by committing the following.  The said acts and omissions include, but are not limited to:

(1)     Issuing, authorizing, approving, and ratifying the purchase, issuance and, possession of the AK-47 assault rifle by Defendant Vasquez and the transfer to Defendant Moore, who was not trained or proficient in the use of said weapon.

(2)     Failing to train and require Defendant Vasquez and Defendant Moore to demonstrate proficiency in the proper use and storage of the AK-47 assault rifle before he was allowed to have possession of it.

(3)     Issuing and ratifying the issuance, purchase,  and use of the weapon by Defendant Vasquez and  Defendant Moore that was not required of their duties.

(4)     Allowing Defendant Vasquez to purchase and allowing Defendant Moore to keep assault rifles in his son's room and allowing the use of the weapon, knowing that his son Ernest Moore was psychologically unstable, a cocaine and marijuana user, under Prozac medication, and a collector of Neo-Nazi propaganda.

(5)     Negligent entrustment of the weapon.

CHMPDF - www.testo.com

20. Plaintiffs would show the Court that each of the foregoing acts and omissions, singularly or in any combination with others constituted negligence, which proximately caused the occurrence that forms the basis of this action and Plaintiffs' damages.

VII.
Causes of Action Against R.D. Moore and Joseph B. Vasquez

21. Acting under color of law, Defendant Vasquez and Defendant Moore, as police officers for the City of Harlingen Police Department, purchased, transferred, and took possession of the AK-47 semi-automatic rifle although they were aware that said weapon was not required by their duties. Defendants Moore and Vasquez demonstrated a complete indifference to the lives and safety of citizens by transfer and having possession of a weapons and improperly storing the AK-47 semi-automatic rifle in a place easily accessible to Defendant Moore's son, Ernest Moore. Defendant's Vasquez and Moore's actions caused and resulted in the violation of the constitutional rights of Decedents secured under the Constitution and laws of the United States. Defendants Vasquez and Moore's acts and omissions include, but are not limited to the following:

(1) Acquiescing in the issuance, purchase, and possession of a weapon they knew was not required for their duties as a police officers.

(2) Acquiescing in the issuance of and possession of a weapon that they knew the Defendant were not properly trained or proficient in.

(3) Failing to properly store the weapon.

(4) Storing the weapon in a place with other assault weapons that were known to be accessible to Ernest Moore.

22. Defendants Vasquez and Moore's omissions constitute an intentional, deliberate, or conscious indifference by Defendants to the lives and safety of citizens. It was and is Detective Moore and Detective Vasquez responsibility and duty not to improperly possess deadly weapons and to properly secure all deadly weapons coming into their possession, care, custody, or control

ClibPDF - www.fastio.com

from the City of Harlingen, or personal weapons to be used by them as police officer, and to prevent their access to and unlawful use by others against citizens. It is also Defendant Vasquez and Defendant Moore's responsibility and duty to comply with minimum constitutional requirements and to know and to comply with all constitutional and lawful policies, procedures, practices, and customs of the City of Harlingen, Texas. It was Defendant Moore's responsibility to know and to comply with all laws, including the Constitution and laws of the United States and of the State of Texas, governing the performance of his duties and not to be intentionally, deliberately, or consciously indifferent to any of those responsibilities or to the constitutional rights of others. In all of these responsibilities material to this lawsuit, Defendant Vasquez and Defendant Moore failed, while acting under color of state law, in violating decedents' constitutional rights by a state-created danger.

23.     Defendant Vasquez and Defendant Moore's actions violate Plaintiffs' Fourteenth Amendment rights to the United States Constitution for which redress is provided pursuant to 42 U.S.C. §1983.

Texas Tort Claim

24.     At the time of the incident in question, Defendants Vasquez and Moore's condition or use of the AK-47 assault rifle as tangible personal property was negligent. This claim arises from the condition or use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act. The occurrence giving rise to this claim was a direct and proximate result of the conduct of Defendants Vasquez and Moore and the deaths of Decedents. Defendants Vasquez and Moore was negligent in various acts and omissions, each of which singularly and collectively were proximate causes of the deaths of Decedents. Defendant

CutePDF - www.texta.com

Moore breached the duty owed to Decedents, to exercise reasonable care by committing the following. The said acts and omissions include, but are not limited to:

(1)    Acquiescing in the issuance, purchase, and possession of a weapon they knew was not required of them as a police officer.

(2)    Acquiescing in the issuance and possession of a weapon that they knew they were not properly trained or proficient in.

(3)    Failing to properly store the weapon.

(4)    Storing the weapon in a place that was known to be accessible to Ernest Moore.

(5)    Negligent storing of the weapon with other assault weapons belong to Defendant Harlingen.

(6)    Negligent entrustment of the weapon to Ernest Moore.

## VIII.
## Causes of Action Against Jim Scheopner

### Federal Claim

24.    Acting under color of law, Defendant Scheopner, as chief of police for the City of Harlingen Police Department, demonstrated a complete indifference to the safety and constitutional rights of Margarita Flores and Delia Morin. Defendant allowed Defendants Vasquez and Moore to have possession of the AK-47 semi-automatic rifle although he was aware that said weapon was not required for Defendants Vasquez and Moore's duties. Defendant Scheopner's actions caused and resulted in the violation of the constitutional rights of Decedents secured under the Constitution and laws of the United States. Defendant Scheopner's acts and omissions include, but are not limited to the following:

(1)    Not adopting and enforcing policies which required that every officer, including Defendants Vasquez and Moore, first be trained in the proper use, proficiency, and storage of every weapon and first demonstrate his or her proficiency in every weapon before it was ever issued to him or allowed to have possession by the officer.

(2)   Failing to properly train Defendants Vasquez and Moore in the proper usage of the weapon in question.

(3)   Issuing and authorizing the purchase, use, and possession of the weapon by Defendant Vasquez and the Subsequent transfer to Defendant Moore although he was not properly trained or proficient in its use.

(4)   Failing to properly train Defendants Vasquez and Moore on how to store the weapon in question.

(5)   Failing to properly train Defendants Vasquez and Moore in how to secure the weapon in question.

(6)   Directly or indirectly allowing the transfer and possession of the assault rifle to Defendant Moore and allowed him to keep it knowing that Defendant Moore was not trained in the appropriate handling and storage of the weapon and performed no duties that required its use.

(7)   Allowing Defendant Moore to keep rifles in his son's room and allowing the use of the weapon, knowing that his son Ernest Moore was psychologically unstable, a cocaine and marijuana user, under Prozac medication, and a collector of Neo-Nazi propaganda.

(8)   Failing to discipline Defendant Moore for allowing Ernest Moore access to the assault rifle that was used to kill the decedents.

26.   It was Defendant Scheopner's responsibility to know and to comply with all laws, including the Constitution and laws of the United States and of the State of Texas, governing the performance of his duties and not to be intentionally, deliberately, or consciously indifferent to any of those responsibilities or to the constitutional rights of others.  In all of these responsibilities material to this lawsuit, Defendant Scheopner failed, while acting under color of state law, in violating decedents' constitutional rights by a state-created danger.

27.   Defendant Schoepner's actions violate Plaintiffs' Fourteenth Amendment rights to the United States Constitution for which redress is provided pursuant to 42 U.S.C. §1983.

<u>Texas Tort Claim</u>

28.    At the time of the incident in question, Defendant Scheopner's condition or use of tangible personal property was negligent.  This claim arises from the condition or use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act.  The occurrence giving rise to this claim was a direct and proximate result of the conduct of Defendant Scheopner and the deaths of Decedents.  Defendant Scheopner was negligent in various acts and omissions, each of which singularly and collectively were proximate cause of the death of Margarita Flores and Delia Morin (Decedents).  Defendant Scheopner breached the duty owed to decedents, to exercise reasonable care by committing the following.  The said acts and omissions include, but are not limited to:

(1)    Failing to properly train Defendant Vasquez and Defendant Moore in the proper usage of the rifle in question.

(2)    Issuing and authorizing the use, purchase, transfer, and possession of the weapon to Defendants Vasquez and Moore who was not properly trained or proficient in its usage.

(3)    Failing to properly train Defendant Moore on the storage of the rifle in question.

(4)    Failing to properly train Defendant Moore on how to secure the rifle in question.

(5)    Negligent entrustment of the weapon to Defendant Moore and Ernest Moore.

29.    Plaintiff would show the Court that each of the foregoing acts and omission, singularly or in any combination with others constituted negligence, which proximately caused the occurrence that forms the basis of which this action and Plaintiffs' injuries and damages in excess of the minimum jurisdictional limits of the Court.

## IX.
## Notice of Claim

30.    Defendant City of Harlingen had actual notice of Plaintiffs' claims for the death of Decedents, in that the incident which forms that basis of this action was investigated by numerous

authorities, including federal, state, and members of the Harlingen Police Department.  As a result of that investigation, City of Harlingen acquired full, complete, and actual knowledge of the occurrence giving rise to Plaintiffs' causes of action.

31.     Prior to the filing of this suit the Plaintiffs presented to Defendant City of Harlingen, Texas notice of the claim against it as prescribed by Sections 101.101 of the Texas Tort Claims Act.  A true and correct copy of the notice is attached hereto as Exhibit "A"  and incorporated by reference the same as fully copied and set forth at length.

## X.
### Damages

32.     Plaintiffs are all beneficiaries entitled to bring this action pursuant to Section 71.004 and 71.021 of the Texas Civil Practice and Remedies Code, respectively the Texas Wrongful Death Statute and the Texas Survival Statute.  Their names and relationship to Margarita Flores, deceased, and Delia Morin, deceased are:

| NAME | RELATIONSHIP TO DECEDENT MARGARITA FLORES |
|---|---|
| DONALD MORIN | SON |
| DIANA MORIN | DAUGHTER |
| DANNY MORIN | SON |
| JENNIFER MAY GWIN | DAUGHTER |
| NAME | RELATIONSHIP TO DECEDENT DELIA MORIN |
| RUBEN RIOS, JR. | SON |

33.     Defendants' acts and omissions, as set out above, are proximate causes of Plaintiffs Donald Morin, Diana Morin, Danny, Morin, and Jennifer May Gwin's  damages, including loss of

CMsPDF - www.texiss.com

love, loss of companionship, advice, comfort, support, both emotional and financial and mental anguish as a result of the death of their mother, Margarita Flores.

34.     Defendants' acts and omissions, as set out above, are proximate causes of Plaintiff Ruben Rios, Sr., as Next Friend of Ruben Rios, Jr.'s damages, including loss of love, loss of companionship, advice, comfort, support, both emotional and financial and mental anguish as a result of the death of his mother, Delia Morin.

## XI.
### Exemplary Damages

35.     The negligence of the Defendants described above was of such a character as to make Defendants guilty of gross negligence.  The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others.  Moreover, the Defendants engaged in a conduct of conscious indifference to the rights, safety, or welfare of others, despite the Defendants' actual subjective awareness of the risk involved.  Plaintiffs seek exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

## XII.
### Jury Demand

36.     Plaintiffs assert their rights under U.S. Const. Amend. 7 and demand a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

## XIII.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final trial Plaintiffs have and recover from each of the Defendants herein the following relief:

1.    Judgment against each and all of the Defendants both jointly and severally for actual and compensatory and special damages sustained by Plaintiffs herein;

2.    Pre-judgment interest at the highest legal rate;

3.    Post judgment interest at the highest legal rate;

4.    Attorney's fees;

5.    All cost of court herein expended;

6.    Such other and further relief to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78405
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8855


By: _____
    Jerry J. Trevino
    State Bar No. 20211228
    Federal ID No. 15031

**Attorney for Plaintiffs**

**LAW OFFICES**
**OF**
**JERRY J. TREVIÑO**
PROFESSIONAL CORPORATION

ATTORNEY & COUNSELOR AT LAW
1125 SOUTH PORT AVENUE
CORPUS CHRISTI, TEXAS 78405

CORPUS CHRISTI
HARLINGEN

(361) 882-5605
FAX (361) 882-8355

April 18, 2000

**CM RRR Z 407 115 123**

Natalie Flores Prim, City Manager
CITY OF HARLINGEN
118 E. Tyler Street
Harlingen, Texas 78550

RE:    My Clients: Donald Morin, Diana Morin, and Jennifer May Gwin
       D/Loss:  July 7, 1998

Dear Ms. Prim:

      The undersigned was recently retained to represent the interests of Donald Morin, Diana Morin, and Jennifer May Gwin for the death of Delia Morin and Margarita Flores. This letter will serve as notice, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.101 and Article VI, Section 5 of the Charter of the City of Harlingen, of the claims asserted by Donald Morin, Diana Morin, and Jennifer May Gwin for the wrongful death of their mother Margarita Flores. The incident in question occurred on or about July 7, 1998, wherein Ernest Moore, son of Harlingen police detective, R.D. Moore shot and killed Delia Morin and Margarita Flores with an AK-47 assault rifle.

      In connection with the notice requirements, the claimants hereby allege that the City of Harlingen had actual notice of the potential claims to be asserted against it in that it investigated the deaths of Delia Morin and Margarita Flores, had knowledge of the owner and previous owner of the assault rifle used to kill Morin and Flores, and because it investigated two capital murders in connection with the death of Morin and Flores.

      Please do not hesitate to contact me if you have any questions or are in need of additional information.

Respectfully yours,

Jerry J. Treviño

Z 407 115 123
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to Natalie Flores Prim |
| --- |
| Street & Number |
| Post Office, State, & ZIP Code |
| Postage    $ |

**EXHIBIT "A"**

# VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF NUECES        §


BEFORE ME, the undersigned authority, on this day personally appeared JERRY J.

TREVINO, known to me, and who, after being by me duly sworn did say:

"My name is JERRY J. TREVINO. I am counsel of record for Donald Morin, Diana
Morin, and Jennifer May Gwin, in this case. I am over twenty-one (21) years of age and am
competent of making this affidavit. I have read the Notice of Claim to which this Verification is
attached, which is being submitted on behalf of Donald Morin, Diana Morin, and Jennifer May
Gwin, and every factual statement contained on this Notice of Claim is within my personal
knowledge and is true and correct."


                                        _____
                                        JERRY J. TREVINO
                                        Attorney for Donald Morin,
                                        Diana Morin, and Jennifer May Gwin


SUBSCRIBED and SWORN TO BEFORE ME on this 19ᵗʰ day of April,

2000, to certify which witness my hand and official seal.


                                        _____
                                        Notary Public in and for
                                        the State of Texas

MARISELDA L. RESENDEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-11-2003

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

**I also wish to receive the following services (for an extra fee):**

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Natalie Flores Prim. 118 E. Tyler Street Harlingen, TX 78550 | Z 407 115123 |

4b. Service Type
- ☐ Registered
- ☐ Express Mail
- ☐ Return Receipt for Merchandise
- ☒ Certified
- ☐ Insured
- ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

PS Form **3811**, December 1994          102595-97-B-0179          **Domestic Return Receipt**

Case 1:00-cv-00105   Document 1   Filed in TXSD on 07/07/2000   Page 19 of 23

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

For the Southern ———— DISTRICT OF Brownsville Division

Donald Morin, Diana Morin,
Jennifer May Gwin, Danny Morin,
and Ruben Rios, Sr., I/N/F of Ruben Rios, Jr.

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: B-00-105

Ralph D. Moore, Joseph Vasquez,
Jim Scheopner, and
City of Harlingen, Texas

**TO:** (Name and address of defendant)

City of Harlingen, Texas
c/o Sylvia Trevino
118 E. Tyler Street
Harlingen, Cameron County, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jerry J. Trevino
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: (361) 882-5605
Telecopier: (361) 882-8355

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael N. Milby, Clerk**

7-12-00

CLERK

DATE

(BY) DEPUTY CLERK

COPY

# United States District Court

For the Southern _____ DISTRICT OF Brownsville Division

Donald Morin, Diana Morin,
Jennifer May Gwin, Danny Morin,
and Ruben Rios, Sr., I/N/F of Ruben Rios, Jr.

**SUMMONS IN A CIVIL CASE**

V.

Ralph D. Moore, Joseph Vasquez,
Jim Scheopner, and
City of Harlingen, Texas

CASE NUMBER: B-00-105

TO: (Name and address of defendant)

Joseph Vasquez
1102 Commerce Street
Harlingen, Cameron County, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jerry J. Trevino
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: (361) 882-5605
Telecopier: (361) 882-8355

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

7-12-00

CLERK _____

DATE _____

(BY) DEPUTY CLERK

COPY

Case 1:00-cv-00105   Document 1   Filed in TXSD on 07/07/2000   Page 21 of 23

# United States District Court

For the Southern     **DISTRICT OF** Brownsville Division

Donald Morin, Diana Morin,
Jennifer May Gwin, Danny Morin,
and Ruben Rios, Sr., I/N/F of Ruben Rios, Jr.

**V.**

Ralph D. Moore, Joseph Vasquez,
Jim Scheopner, and
City of Harlingen, Texas

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-105

TO: (Name and address of defendant)

Jim Scheopner
1102 Commerce Street
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jerry J. Trevino
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: (361) 882-5605
Telecopier: (361) 882-8355

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael N Milby, Clerk**        7-12-00

CLERK                                  DATE

(BY) DEPUTY CLERK

COPY

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

For the Southern _____ **DISTRICT OF** Brownsville Division

Donald Morin, Diana Morin,
Jennifer May Gwin, Danny Morin,
and Ruben Rios, Sr., I/N/F of Ruben Rios, Jr.

**SUMMONS IN A CIVIL CASE**

V.

Ralph D. Moore, Joseph Vasquez,
Jim Scheopner, and
City of Harlingen, Texas

**CASE NUMBER:** B-00-105

**TO:** (Name and address of defendant)

Ralph D. Moore
1102 Commerce Street
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jerry J. Trevino
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: (361) 882-5605
Telecopier: (361) 882-8355

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

DATE 7-12-00

CLERK

(BY) DEPUTY CLERK

COPY

Case 1:00-cv-00105  Document 1  Filed in TXSD on 07/07/2000  Page 23 of 23

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET    *Receipt 113975*

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Donald Morin, Diana Morin, Jennifer May Gwin, Danny Morin, and Ruben Rios, Sr. As Next friend of Ruben Rios Jr. A Minor.

**DEFENDANTS**
Ralph D. Moore, Jim Scheopner and City of Harlingen, Texas, and Joseph Vasquez'

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jerry J. Trevino  361/882-5605
1125 South Port Avenue
Corpus Christi, TX 78416

ATTORNEYS (IF KNOWN)

B-00-105

JUL 0 7 2000

Michael N. Milby
Clerk of Court

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[nature of suit checkboxes; ☑ 360 Other Personal Injury marked]

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☑ 1 Original Proceeding

**VI. CAUSE OF ACTION**
42 U.S.C. Sec. 1983 Action for deprivation under color of state law of rights guaranteed by U.S. Constitution

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23  DEMAND $  JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Hilda Tagle  DOCKET NUMBER B-98-162 & B-99-07

DATE July 7 2000   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG JUDGE ___