3

United States District Court
Southern District of Texas
FILED

JUL 3 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-105 |
| V. | { | |
| | { | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, ET AL. | { | |

### INDIVIDUAL DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN, R.D. MOORE,
JOSEPH VASQUEZ and JIM SCHOEPNER

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and
JIM SCHEOPNER, In Their Individual Capacity

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

II. Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III. Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

IV. Defendant Scheopner Is Entitled to Qualified
Immunity Against § 1983 Claims Raised by Amended Complaint . . . . . . . . .  3

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    B.    Defendants Entitled to Qualified Immunity Unless
        Clearly Established Law Would Have Informed Them
        That Their Alleged Actions Were Unconstitutional . . . . . . . . . . . .  4

    C.    Plaintiffs Have Not Alleged a Constitutional Right . . . . . . . . . . . .  5

    D.    Any Alleged Right Not
        "Clearly Established" In July 1998 . . . . . . . . . . . . . . . . . . . . . . .  7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

ii

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                                    <u>Page</u>

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
    *aff'd* 168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 5

*Bridges v. City of Dallas*,
    1998 WL 320286 (N.D.Tex., June 8, 1998) . . . . . . . . . . . . . . . . . . . . . . . 7

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . 7

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*County of Sacramento v. Lewis*, 523 U.S. 833,
    118 S.Ct. 1708 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
    489 U.S. 189 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) . . . . . . . . . . . . . . . . . . . . . 4

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . 3

*Gutierrez v. City of San Antonio*,
    139 F.3d 441 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1994) *cert. denied*
    514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995) . . . . . . . . . . . . . . 7

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 4

CMxPDF - www.fenrir.com

*Landol-Rivera v. Cruz*, 906 F.2d 791 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 5

*Lassiter v. Alabama A & M Univ. Bd. of Trustees*,
    28 F.3d 1146 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Leffall v. Dallas I.S.D.*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . 7

*Martin v. City of League City*, 23 F.Supp.2d 720
    (S.D.Tex., Sept. 30, 1998) (Kent, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997),
    *cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . 7

*Schaefer v. Goch*, 153 F.3d 793 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 5

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . 3, 4

*Siegert v. Gilley*, 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Soto v. Flores*, 103 F.3d 1056 (1st Cir. 1997) *cert. denied*,
    522 U.S. 819 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Summar v. Bennett*, 157 F.3d 1054 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . 7


Statutes:

    42 U.S.C., § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 6


Federal Rules of Civil Procedure:

    Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

iv

CitiPDF - www.fasiio.com

## United States Constitution:

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 3, 6, 7

Fourth Amendment   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 5, 7

Case 1:00-cv-00105   Document 3   Filed in TXSD on 07/31/2000   Page 6 of 14

*3*

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**JUL 3 1 2000**

Michael N. Milby
Clerk of Court

DONALD MORIN, ET AL.            {
                                {          CIVIL ACTION NO. B-00-105
V.                              {
                                {       **(ORAL HEARING IS REQUESTED)**
CITY OF HARLINGEN, ET AL.       {

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants JIM SCHEOPNER, JOSEPH VASQUEZ and R.D.

MOORE and file this their **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

**UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the

Court as follows:

I. Statement of the Nature and Stage of These Proceedings

The Morins sue for wrongful death of Margarita Flores and Delia Morin under (1)

42 U.S.C., § 1983; and (2) state tort law. The Morins claim that Ernest Moore obtained

an AK-47 rifle from his father, Defendant R.D. Moore (a Harlingen police officer) and

shot Mrs. Flores and Ms. Morin during an argument over Ernest's girlfriend.

Defendants Scheopner, Vasquez, and Moore request the Court to dismiss the claims

against them based on qualified immunity; they also ask the Court to order Plaintiffs reply

to their defense of qualified immunity, pursuant to Fed.R.Civ.P. 7(a).

1

CUsPDF - www.texiss.com

## II. Statement of the Issues

1.      Whether the Complaint states facts that defeat the defense of qualified immunity against a Fourteenth Amendment Due Process claim that a private citizen shot Plaintiffs' family members using a rifle owned by and taken from a city officer.

2.      Whether a Fourteenth Amendment "state created" danger claim will lie for deaths caused by a third party if Defendants did not force the deceaseds to encounter that harm and did not remove their ability to protect themselves or avoid the danger.

3.      Whether the alleged constitutional rights were "clearly established" in July 1998 for the purposes of qualified immunity.

## III. Plaintiff's Allegations

Plaintiffs allege that Defendant Vasquez purchased an AK-47 rifle.  Complaint, ¶ 15.  Vasquez sold that rifle to Defendant Moore.   Complaint, ¶ 15.  Plaintiffs allege that Defendant Scheopner allowed Defendant Moore to keep the AK-47 and allowed him to store it at home as a "service weapon."  Complaint, ¶ 15.

Plaintiffs allege that Defendant Moore was not trained on or proficient in the use of an AK-47 rifle.  Complaint, ¶ 15.  They allege that, because he kept the rifle at home in a gun safe in the bedroom of his son (Ernest Moore), his son had access to it. Complaint, ¶ 15.  They allege that Ernest Moore was unstable, cocaine user, and under medication.  Complaint, ¶ 16 (7).

They allege that on July 7, 1998, Ernest Moore went to Margarita Flores' house to search for his ex-girlfriend, Ms. Julie Cox.  Complaint, ¶ 15.  As he was forcibly

removing her from the house, a confrontation occurred during which Ernest Moore shot to death Margarita Flores and Delia Morin, using the AK-47 rifle.  Complaint, ¶ 15.

Plaintiffs allege that this conduct violated the Fourth and 14th Amendments, U.S. Constitution.  Complaint, ¶ 13.

IV.  Individual Defendants Are Entitled to Qualified
Immunity Against § 1983 Claims Raised by Amended Complaint

A.    Standard of Review

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader.  *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996).  Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations.  *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).  However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiffs have a heightened burden to plead specific facts defeating Defendants' qualified immunity from § 1983 claims.  *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc).  The complaint must state facts defeating qualified immunity, not mere legal conclusions.  *Schultea*, 47 F.3d at 1433.

3

The court may order Plaintiffs to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

B.   Defendants Entitled to Qualified Immunity Unless
     Clearly Established Law Would Have Informed Them
     That Their Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

The U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity. Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined

4

narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If caselaw has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

C.    Plaintiffs Have Not Alleged a Constitutional Right

Plaintiffs have failed to allege specific facts showing Mrs. Flores and Ms. Morin were "seized" for Fourth Amendment purposes. *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716 (1998). A "seizure" occurs only when government agents deliberately cause an individual's freedom to be terminated through means intentionally applied to that individual. *Lewis*, 118 S.Ct. at 1715-1716. Therefore, unintended injuries to bystanders during an arrest do not amount to a "seizure" for Fourth Amendment purposes. *Lewis*, 118 S.Ct. at 1715; *Landol-Rivera v. Cruz*, 906 F.2d 791, 795 (1st Cir. 1990); *Schaefer v. Goch*, 153 F.3d 793, 796 (7th Cir. 1998). There is no Fourth

5

Amendment claim if the government agent did not deliberately direct the force at the plaintiff. *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998).

With respect to any "state created" danger theory, the law today stands where it did in July 1998. The Fifth Circuit has declined to recognize a § 1983 claim for failing to protect one citizen from the violent acts of another. *Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998). Though invited to adopt it several times since 1990, it has declined, expressing doubt that such a theory is viable. Assuming *arguendo* the Fifth Circuit does find such a theory is valid, the constitutional law concerning Defendants' alleged conduct was not "clearly established" in July 1998.

Regardless of the label on Plaintiffs' § 1983 theory, the deaths were caused by a private citizen, not a public official. The law concerning § 1983 liability for failing to prevent injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197. The Supreme Court did not approve or disapprove of a rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state-created danger." *Id.*

6

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state-created danger" exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995).  In *Johnson*, the court indicated that it was not inclined to recognize such an exception. 38 F.3d at 201.  The Fifth Circuit has expressed extreme skepticism that the exception will ever be recognized.  *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

Defendants' Motion to Dismiss Under Rule 12(b)(6) fully sets out the reasons why the Complaint fails to plead any claim under the Fourth and Fourteenth Amendment.

> D.    Any Alleged Right Not
>       "Clearly Established" In July 1998

Precisely because the Fifth Circuit has declined to adopt the "state-created danger" exception, it and courts within its circuit have found qualified immunity against such claims. *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.); *Bridges v. City of Dallas*, 1998 WL 320286, *4 (N.D.Tex., June 8, 1998).  Even in those circuits recognizing the exception, its unsettled nature has led them to uphold qualified immunity against such claims.  *Soto v. Flores*, 103 F.3d 1056, 1065 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997); *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998).  Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state-created danger" theory. *Martin v. City of League City*, 23 F.Supp.2d 720 (S.D.Tex.,

7

Sept. 30, 1998) (Kent, J.).  Whatever rule the 5th Circuit may adopt later, the rule in July

1998, was not "clearly established."

WHEREFORE, PREMISES CONSIDERED, Defendants, Jim Scheopner, Joseph

Vasquez and R.D. Moore pray the Court grant the relief requested, and any other such

further relief to which they may show themselves entitled.

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN, JOSEPH VASQUEZ,
R.D. MOORE and JIM SCHEOPNER

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and
JIM SCHEOPNER, In Their Individual Capacity

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this $\overline{31}$ day of July, 2000, to the following counsel of record and interested parties:

---

Attorney of record for Plaintiffs, DONALD MORIN, ET AL.:

      Mr. Jerry J. Trevino           **Via CMRRR No. 7099 3220 0001 0357 9638**
      Attorney at Law
      1125 South Port Avenue
      Corpus Christi, TX 78405

Attorney of record for Defendants SCHEOPNER and MOORE Individually:

      Mr. Walter Passmore                  **Via Regular Mail**
      PASSMORE, WALKER & TWENHAFEL, LLP
      P. O. Drawer 3766
      McAllen, TX 78502-3766

ROGER W. HUGHES

9