Case 1:00-cv-00105    Document 5    Filed in TXSD on 08/23/2000    Page 1 of 9

5

United States District Court
Southern District of Texas
FILED

AUG 23 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD MORIN, DIANA MORIN, JENNIFER MAY GWIN, DANNY MORIN, AND RUBEN RIOS, SR, AS NEXT FRIEND OF RUBEN RIOS, JR., A MINOR | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-105 |
| RALPH D. MOORE, INDIVIDUALLY, JIM SCHEOPNER, INDIVIDUALLY, AND CITY OF HARLINGEN, TEXAS | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs file this Response to Defendants' Motions to Dismiss under F.R.C.P. 12(b)(6) and Individual Defendants' Motion to Dismiss under F.R.C.P. 12(b)(6) based on Qualified Immunity. Plaintiffs urge the Court to deny Defendants' Motions to Dismiss based on the following:

I. <u>Statement of Nature and Stage of the Proceedings</u>

1.      The Plaintiffs sued the Defendants for the wrongful deaths of Margarita Flores and Delia Morin under (1) 42 U.S.C. § 1983 and (2) the Texas Tort Claims Act (Tex. Civ. Prac. & Rem. Code, Chapt. 101). Plaintiffs allege that Ernest Moore shot Margarita Flores and Delia Morin using an AK-47 rifle owned by Defendant Ralph D. Moore, a Harlingen Police Department officer.

2. Defendants City of Harlingen, Jim Scheopner, Joseph B. Vasquez, and Ralph D. Moore move to dismiss all claims under Fed.R.Civ.P. 12(b)(6). The Plaintiffs, by this response, urge that the Court deny Defendants' motions to dismiss.

## II. Factual Background

3. Plaintiffs allege that Defendant Vasquez, a Harlingen Police officer, purchased an AK-47 assault rifle. Complaint, ¶ 15. Defendant Vasquez sold that rifle to Defendant Moore, also a Harlingen Police officer. Complaint, ¶ 15. Plaintiffs allege that Defendant Scheopner allowed Defendant Moore to keep the AK-47 assault rifle and allowed him to store it at home as a "service weapon." Complaint, ¶ 15.

4. Plaintiffs allege that neither Defendant Moore or Defendant Vasquez were trained on or proficient in the use of an AK-47 assault rifle before the incident in question. Complaint, ¶ 15. They allege that because Defendant Moore kept the rifle at his home, in a gun safe in the bedroom of his son (Ernest Moore), that both Defendants were aware that his son had access to the assault rifle. Complaint, ¶ 15, 21, 24, 25. The Plaintiffs allege that Ernest Moore was unstable, a cocaine user, and under medication. Complaint, ¶ 16(7).

5. The Plaintiffs allege that on July 7, 1998, Ernest Moore removed the AK-47 assault rifle from the safe and went to Margarita Flores' home to search for his ex-girlfriend, Julie Cox. Complaint, ¶ 15. The Plaintiffs allege that as Ernest Moore was forcibly removing his ex-girlfriend from Margarita Flores' house, a confrontation occurred during which Ernest Moore shot and killed Margarita Flores and Delia Morin with the AK-47 assault rifle owned by Defendant Moore. Complaint, ¶15.

6. Plaintiffs allege that Defendants' conduct violated the 4th and 14th Amendments of the U.S. Constitution. Complaint, ¶ 13. Said conduct was negligent use of tangible personal

2

property under Section 101.021 of the Texas Tort Claim Act, which was the proximate cause of the death of Margarita Flores and Delia Morin. Complaint, ¶ 19.

### III. Standard of Review

7. The Court, in considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), must accept all well-pleaded facts as true, and construe them in favor of the Plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-48 (1957); Petta v. Rivera, 143 F.3rd 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The Plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity, Co., v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); The complaint must simply provide the opposing party with fair notice of the Plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990). (citing Conley, 355 U.s. at 45-48). See also Davis v. Monroe County Brd. of Education, 526 U.S. 629; 119 S.Ct. 1661, 1676 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000).

### IV.

8. The Defendants' motion on qualified immunity states that they "move to dismiss under Rule 12(b)(6) the claims against them Individually based on qualified immunity. Alternatively, they ask the Court to order the Plaintiffs to reply to their defense of qualified immunity pursuant to Fed.R.Civ.Pr. 7(a).

9. There is a standard for deciding whether a Defendant is entitled to qualified immunity. The Court must decide three questions to rule on whether a particular Defendant is entitled to qualified immunity in his or her individual capacity: (1) Has the Plaintiff alleged a deprivation of constitutional right?; (2) Was the constitutional right clearly established at the time of the alleged violation?; (3) Were the Defendant's actions objectively unreasonable? See Kipps v. Callier, 197 F.3d 765, 768 (5th Cir. 1999).

### V. Federal Cause of Action Against The City of Harlingen

10. Plaintiffs assert in their complaint that the City of Harlingen violated Plaintiffs' and Decedents' rights under 42 U.S.C. § 1983 as a result of an official practice or policy of the City of Harlingen. To state a civil rights claim against a city under 42 U.S.C. § 1983, a Plaintiff must demonstrate that he or she has been deprived of a right secured by the Constitution or federal law, and that the deprivation was caused by an official policy, practice or custom of the city. See Board of County Com'rs of Bryan County, Okl v. Brown, 520 U.S. 397, 403 (1997). In addition, when alleging a substantive due process claim, the Plaintiff must show that the city's actions were "so egregious, so outrageous, that [they] may fairly be said to shock the conscience;" See County of Sacramento v. Lewis, 522 U.S. 833, 847 n.B (1998); Morris v. Dearborne, 181 F.3d 657, 668 (5th Cir. 1999).

11. The Plaintiffs have alleged sufficient facts to establish that the decedents' constitutional rights were violated under the state-created danger exception. A city policy, custom or practice can be created through several means. Under § 1983, a city can be held liable for its official promulgated rules, or the single act of a final policymaker designed as such under state law. See City of St. Louis v. Praprotnik, 485 U.S. 112, 122-23 (1988); Pernbaur v. Cincinnati, 475 U.S. 469, 478-79 (1988). In addition, liability can be premised on a persistent,

4

widespread practice of officials or employees which is not officially adopted, but is so common that actual or constructive knowledge can be attributed to final policymakers. See Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997). Plaintiffs in their complaint have pled sufficient facts and have stated a viable cause of action against the City based on an official practice of the City to permit police officers to purchase, possess and use semi-automatic assault weapons, despite the fact that they receive no specialize training in safe use or storage of such weapons. The Plaintiffs allege that the City of Harlingen violated the Decedents' Fourteenth Amendment due process rights to liberty and property by creating a dangerous environment that otherwise would not have existed, resulting in Ernest Moore killing the Decedents, Margarita Flores and Delia Morin. The practices of the City of Harlingen ultimately allowed a military assault rifle to fall into the hands of a person who is not a police officer and who was extremely dangerous. It is reasonable to conclude that a military style rifle would not have been available to Ernest Moore if Defendant Moore had not been allowed to keep one in his home. Plaintiffs have pled sufficient facts of acts and omissions brought about by city pollicies, customs, and practice including, but not limited to, the city maintaining unconstitutional policies; therefore, allowing Defendant Moore to take possession of AK-47 rifle despite facts that he was not trained on safety or storage, and did not perform any duties that required the use of such assault weapons. These facts support a state-created danger claim against the City of Harlingen and are sufficient to defeat the Defendants' Motion to Dismiss.

## VI. State Law Claims

12.  Plaintiffs assert in their complaint that the City of Harlingen is liable under the Texas Tort Claims Act for Defendant Moore, Vasquez, and Scheopner's negligent and wrongful use of the AK-47 rifle, while in the scope of their employment. Tex. Civ. Prac. & Rem. Code

5

Sec. 101.021 (Vernon 1986). Plaintiffs have specifically alleged sufficient facts that the property in question (AK-47 assault weapon) was misused by Defendant Moore, acting within the scope of his employment with the City of Harlingen, and that such condition or use of the AK-47, being tangible property, was the proximate cause of the deaths of Margarita Flores and Delia Morin. The Tort Claims Act states that "[a] governmental unit in the state is liable for...personal injury and death proximately caused by the wrongful act or omission of the negligence of an employee acting within his scope of employment if...personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law." Id. "To state a claim under the Tort Claims Act based upon the use or misuse of non-defective tangible personal property, a Plaintiff must allege (1) that the property was used or misused by a governmental employee acting within the scope of his or her employment and (2) that the use or misuse of the property was a contributing factor to the injury. The negligence of the government employee must be the proximate cause of the injury and must involve a condition or use of tangible personal property under circumstances where there would be private liability." <u>Gonzales v. City of El Paso</u>, 978 S.W.2d 619, 623 (Tex.App.—El Paso 1998) (citations omitted).

13. The Defendants assert by their motion to dismiss that Plaintiffs cannot recover under the Texas Tort Claims Act because their cause of action is based on Ernest Moore's use of the rifle without Defendant Moore's permission. <u>See Kennedy v. Baird</u>, 682 S.W.2d 377, 388 (Tex.App.—El Paso 1984); <u>Prather v. Brandt</u>, 981 S.W.2d 801, 806 (Tex.App.—Houston [1st Dist.] 1998).

14. The Defendants' motion to dismiss the Plaintiffs' Texas Tort Claims Act cause of action is contrary to law. The Plaintiffs state a viable claim against the City of Harlingen based

on the individual Defendants' negligent storage of the weapon and their negligent instrument of the firearm.

15. The individual Defendant police officers had a duty to properly store and safeguard a highly dangerous instumentalilty. The Plaintiffs allege that Defendants' failure to do so proximately caused the Decedents' death. While tort law generally imposes no duty to control the acts of a third party, the Plaintiffs' claim is not based on Ernest Moore's acts. Instead, it is founded on the Defendant police officers' own negligence. See e.g. Smith v. Koenning, 398 S.W.2d 411, 415 (Tex.App.—Corpus Christi 1966).

16. In addition, as this Court acknowledged in its March 31, 2000, order entered in Civil Action No. B-98-162; Arturo Salinas, et al. v. City of Harlingen, et al., R.D. Moore, Individually, had a duty to properly store and safeguard a highly dangerous instrumentality such as the AK-47 semi-automatic weapon.

17. Plaintiffs' complaint alleges sufficient facts to succeed on a claim based on Defendant Vasquez' negligent entrustment of the firearm to Defendant Moore, or Defendant Moore's entrustment of the weapon to Ernest Moore. The elements of negligent entrustment are that: (1) the entrustee was incompetent or unfit; (2) the entrustor knew of entrustee's proclivities; (3) there was an entrustment of a dangerous instrumentality; (4) the entrustee was negligent; and (5) the decedent's death was proximately caused by the entrustee. See Prather, 981 S.w.2d at 806; Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996) (discussing Texas law on the foreseability of torts).

18. Plaintiffs allege that Defendant Moore either knew or had a strong suspicion that his son Ernest planned to travel to Rio Hondo on July 7, 1998, with the semi automatic weapon and with the intention of committing violent acts. Plaintiffs asserts that this knowledge or

suspicion automatically triggered Defendant's Moore's duty as a Harlingen police officer to take necessary steps to prevent such a crime from being committed with Defendant Moore's own weapon. Thus, Defendant Moore was acting within the course and scope of his employment with the City of Harlingen when he chose to violate his duty as a Harlingen Police Officer to enforce the law and prevent the crime in question. Defendant Moore's failure to carry out such duty was a proximate cause of the deaths of Margarita Flores and Delia Morin, and the damages sustained by Plaintiffs.

19. Plaintiffs have therefore stated a viable claim against the City of Harlingen under the Texas Tort Claims Act based on Defendant Vasquez and Moore's negligent entrustment of the weapon to Ernest Moore and their failure to carry out their duty to prevent Ernest Moore, a highly unstable person, from committing a crime which they had a reasonable suspicion would occur.

WHEREFORE, premises considered, Plaintiffs pray that upon hearing of Defendants' Motions to Dismiss, the Court deny the Defendants' motions to dismiss, including the doctrine of qualified immunities.

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/883-8355


By:_____
    Jerry J. Trevino
    State Bar No. 20211228
    Federal I.D. 15031

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record listed below on this __23__ day of __August__, 2000.

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL
P.O. Drawer 3766
McAllen, Texas 78502-3766

_____
Jerry J. Trevino

9