

```
IN THE UNITED STATES DISTRICT COURT          United States District Court
FOR THE SOUTHERN DISTRICT OF TEXAS            Southern District of Texas
          BROWNSVILLE DIVISION                         FILED

                                                    SEP 1 5 2000

                                                   Michael N. Milby
                                                    Clerk of Court
```

| | |
|---|---|
| DONALD MORIN, DIANA MORIN, § <br> JENNIFER MAY GWIN, DANNY § <br> MORIN, AND RUBEN RIOS, SR, AS § <br> NEXT FRIEND OF RUBEN § <br> RIOS, JR., A MINOR, MARIA D. LOPEZ, § <br> AS NEXT FRIEND OF BRIAN MORIN, § <br> A MINOR § <br> § <br> VS. § <br> § <br> RALPH D. MOORE, § <br> JOSEPH B. VASQUEZ, § <br> JIM SCHEOPNER, AND § <br> CITY OF HARLINGEN, TEXAS § | CIVIL ACTION NO. B-00-105 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DONALD MORIN, DIANA MORIN, JENNIFER MAY GWIN, DANNY MORIN, RUBEN RIOS, SR, AS NEXT FRIEND OF RUBEN RIOS, JR., A MINOR and MARIA D. LOPEZ, AS NEXT FRIEND OF BRIAN MORIN, A MINOR (hereinafter referred to as "Plaintiffs"), complaining against RALPH D. MOORE, (hereinafter referred to as "Defendant Moore"), JOSEPH VASQUEZ, JIM SCHEOPNER (hereinafter referred to as "Defendant Scheopner") and CITY OF HARLINGEN, TEXAS (hereinafter "Defendant City of Harlingen"), and for cause of action would respectfully show this Honorable Court the following:

### I.
### Parties

1. Plaintiff, Donald Morin, is, and at all times relevant was, a citizen of the State of Texas residing in Houston, Harris County, Texas.

2. Plaintiff, Diana Morin, is, and at all times relevant was, a citizen of the State of Texas residing in San Benito, Cameron County, Texas.

3. Plaintiff, Jennifer May Gwin, is, and at all times relevant was, a citizen of the State of Texas residing in San Benito, Cameron County, Texas.

4. Plaintiff, Danny Morin, is, and at all times relevant was, a citizen of the State of Texas residing in Houston, Harris County, Texas.

5. Plaintiff, Ruben Rios, Sr., as Next Friend of Ruben Rios, Jr., is, and at all times relevant was, a citizen of the State of Texas residing in San Benito, Cameron County, Texas.

6. Plaintiff, Maria D. Lopez, as Next Friend of Brian Morin, is, and at all times relevant was, a citizen of the State of Texas residing in San Benito, Cameron County, Texas.

7. Defendant, City of Harlingen, Texas is a municipality and political subdivision of the State of Texas, located within the boundaries of the Brownsville Division of the United States District Court for the Southern District of Texas. It may be served with process by serving its secretary, Ms. Sylvia Trevino, at 118 E. Tyler Street, Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of Civil Procedure 4(j)(2). It is Defendant, City of Harlingen's responsibility and duty to promulgate and implement policies and procedures regarding the possession and use of deadly weapons by its officers and their storage and security to prevent their unlawful use against citizens. It is the responsibility of the Defendant City of Harlingen, Texas to hire, fire, discipline, train, and supervise Defendant, City of Harlingen, Texas Police Department Officers.

8. Defendant, Ralph D. Moore, is, and at all times relevant to this complaint was employed and acted under color of law as a police officer and detective for the City of Harlingen and may be served with process at 1102 Commerce Street, Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of Civil Procedure 4(e). It is Defendant Moore's responsibility and duty not to improperly possess deadly weapons and to properly secure deadly weapons to prevent their unlawful use against citizens. It is also Defendant Moore's responsibility and duty to comply with minimum constitutional requirements and to comply with the actual policies, procedures, practices, and customs of Defendant City of Harlingen, Texas.

9. Defendant Jim Scheopner, Individually, is, and at all times relevant to this complaint was employed and acted under color of law as a police officer and police chief for the City of Harlingen and may be served with process at 1102 Commerce Street, Harlingen, Cameron County, Texas 78550, pursuant to Federal

Rule of Civil Procedure 4(e). It is Defendant Scheopner's responsibility and duty to ensure that all deadly weapons owned and in possession or use by the Harlingen Police Department and its officers are properly stored and secured in the custody of the Harlingen Police Department and its officers. It is also Defendant Scheopner's responsibility and duty to comply with minimum constitutional requirements and to comply with actual policies, procedures, practices, and customs of Defendant City of Harlingen, Texas.

10. Defendant Joseph B. Vasquez is and all times relevant to this complaint was employed and acted under color of Law as a police officer and detective for the City of Harlingen and may be served with process at 1102 Commerce Street Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of Civil Procedure 4(e). It is Defendant Vasquez responsibility and duty not to improperly possess deadly weapons and to prevent the sale of deadly weapons to prevent their unlawful use against citizens. It is also Defendant Vasquez responsibility and duty to comply with minimum Constitutional requirements and to comply with the actual policies, procedures, practices, and customs of Defendant City of Harlingen, Texas.

11. For all things, all officers and employees of the City of Harlingen, who are identified by name or referenced herein, at all times acted in bona fide pursuance of general authority to act for the City of Harlingen on the subjects and mattes to which their acts relate, which acts were and are imputed to the City of Harlingen.

## II.
### Jurisdiction and Venue

12. Jurisdiction is conferred on this Honorable Court by 28 U.S.C. §1331 and §1343(a)(3)42, to redress the deprivation of Decedents' rights, privileges, and immunities pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. Federal question jurisdiction is conferred on this Court because this action arises to redress violations by the Defendants of Decedents' rights under the Constitution and laws of the United States. This Honorable Court has pendant jurisdiction over all claims asserted under the laws of the State of Texas pursuant to 28 U.S.C. §1367(a).

13. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391(b) because this is the judicial district wherein all of Defendants reside and where a substantial part of the events or omissions giving rise to the claim occurred.

### III.
### Pending Causes of Action

14. This Honorable Court has acquired jurisdiction and venue of two other claims against some of the above Defendants arising out of a related transactions, events or omissions pending in Cause No. B-98-162 and Cause No. B-99-070.

### IV.
### Preliminary Statement

15. Plaintiffs Donald Morin, Diana Morin, Danny Morin, and Jennifer May Gwin are United States Citizens and are the surviving natural children of Margarita Flores; Ruben Rios, As Next Friend of Ruben Rios, Jr., A Minor and Maria D. Lopez, As Next Friend of Brian Morin, A Minor, are the surviving natural minor children of Delia Morin. Margarita Flores and Delia Morin, both deceased, were subjected to deadly use of force in a violation of rights guaranteed to them by the Fourth and Fourteenth Amendment to the United States Constitution. Plaintiffs bring this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privilege, or immunities secured by the Constitution and laws.

16. Plaintiffs seek compensatory damages and reasonable attorney's fee as authorized by 42 U.S. §1988. Plaintiffs also seeks damages pursuant to the Texas Tort Claims Act and the Wrongful Death and Survival statutes.

## V.
## Facts

17. On July 7, 1998, Ernest Moore, son of Defendant Moore, proceeded to Margarita Flores' home in search of his ex-girlfriend Julie Cox. While at the residence Ernest Moore pointed a high caliber assault rifle (AK-47) at Plaintiff Donald Morin and demanded entrance to the home. Once in the home Ernest Moore grabbed Julie Cox by her arm and started pulling her out of the house. In the mist of a confrontation because of his presence and his attempt to physically remove his Julie Cox from the home, Ernest Moore shot and killed Margarita Flores and her daughter Delia Morin. Defendant Moore, a police officer and detective for the City of Harlingen Police Department had wrongfully taken possession and control of a weapon described as an AK-47 assault rifle belonging to and in the custody of the City of Harlingen Police Department. Defendant Moore used and stored the assault rifle in a gun safe located in Ernest Moore's room, together with an AR-15 assault rifle, which made them easily accessible to Ernest Moore. Said weapon and ammunition possessed by Defendant Moore was then removed from the safe in the home by Ernest Moore and used to kill Margarita Flores and Delia Morin. This same AK-47 assault rifle was alleged to have been tendered, prior to July 7, 1998, to the City of Harlingen Police Department by a public citizen on condition that it be destroyed. City of Harlingen police captain Joseph B. Vasquez took possession and failed to report and make receipt of said AK-47 weapon by way of internal record, notwithstanding that weapon was in custody of City of Harlingen, thus, official property of City of Harlingen. This same AK-47 assault rifle received by Defendant Captain Vasquez, ultimately never destroyed, was then transferred or made available for Detective Ralph D. Moore to obtain from the gun storage room, where department weapons were stored. It was common knowledge that Ralph D. Moore

Plaintiffs' First Amended Complaint                               5

possessed a key to the gun room at the Harlingen Police Department. The officers were both acting under the color of state law during the receipt, possession, custody, and transfer of custody of the assault rifle. Defendant City of Harlingen and Defendant Scheopner, as chief of police, allowed Defendant Moore to keep and store at his home the same AK-47 assault rifle as a service weapon, although Defendant Moore was not trained, qualified, or proficient in the use of said weapon.

18. These omissions failed to meet existing minimum statewide proficiency standards for this type of weapon, which had been published in 1998 in section 211.104 of the Administrative Rules of the Texas Commission on Law Enforcement Standards and Education.

19. Neither Captain Vasquez nor Detective Moore complied or were required to comply with these minimum standards by the City of Harlingen Police Department.

## VI.
## Claims Against City of Harlingen

### Federal Claim

20. Defendant City of Harlingen, acting at all relevant times through its agents, servants and/or employees, including but not limited to the co defendants, intentionally, deliberately, or with conscious indifference to the lives and safety of citizens, including Margarita Flores and Delia Morin, adopted or maintained through its final policymakers unconstitutional policies and customs, and failed to implement constitutional and proper policies and procedures. Defendant City of Harlingen's actions caused and resulted in the violation of the constitutional rights of Margarita Flores and Delia Morin secured under the Constitution and laws of the United States. Defendant City of Harlingen's actions and omissions include, but are not limited to the following:

(1) Failing to promulgate and implement policies and procedures regarding the issuance, transfer, custody, possession and use of deadly weapons by police officers including their storage and security in order to prevent their unlawful use against citizens.

(2) Failing to promulgate, adopt and implement policies and procedures that no weapon be issued to or allow personal weapon in possession of an officer unless the officer is proficient and trained in its usage.

(3) Issuing, authorizing, approving, and ratifying the issuance, transfer, custody, and possession of the AK-47 assault rifle by Defendant Vasquez and Defendant Moore who were not trained or proficient in the use of said weapon.

(4) Failing to train and require Defendant Vasquez and Defendant Moore to demonstrate proficiency in the proper use and storage of the AK-47 assault rifle.

(5) Failing to discipline Chief of Police Scheopner, Defendant Vasquez, and Defendant Moore for improper issuance and allowing the issuance, transfer, custody, possession, and use of the AK-47 assault rifle.

(6) Allowing Defendant Moore to keep the rifle although he was never trained on how to use or store it and had no duties that required the use of such weapon that could fire rounds in rapid succession at great distance with extreme accuracy.

(7) Allowing Defendant Moore to keep rifles in his son's room and allowing the use of the weapon, knowing that his son Ernest Moore was psychologically unstable, a cocaine and marijuana user, under Prozac medication, and a collector of Neo-Nazi propaganda.

(8) Having in an administrative position Chief of Police Jim Scheopner who allowed favored officers and friends, such as Defendant Vasquez and Defendant Moore to circumvent and violate laws and departmental procedures, and not remedy the situation by removal or discipline.

(9) Maintaining unconstitutional policies and failing to enforce existing procedure, by allowing Defendant Vasquez and Defendant Moore to have possession of the AK-47 rifle despite the fact that they were was not trained to safely use or store, and was not needed to perform any of their duties and could make it readily accessible to Defendant Mores' son.

  (10) Failing to make receipt, inventory, and necessary disposal of a weapon described as an AK-47 assault rifle that had been tendered by a concerned citizen to the Harlingen Police Department on condition that it be destroyed.

21. It was and is the responsibility of the City of Harlingen to properly hire, train, supervise, test, and discipline City of Harlingen Police Department officers and to implement and enforce proper policies and procedures to ensure that it and its officers are not intentionally, deliberately, or consciously indifferent to the lives and safety of citizens and violating their constitutional rights by a state-created danger.

22. Defendant City of Harlingen's actions violated Margarita Flores and Delia Morin's Fourteenth Amended rights to the United States Constitution for which redress is provided pursuant to 42 U.S.C.§1983 by creating a dangerous environment that provided an opportunity that otherwise would not have existed for Ernest Moore to murder Margarita Flores and Delia Morin.

Texas Tort Claim

23. At the time of the incident in question, Defendant City of Harlingen's condition or use of the AK-47 assault rifle as tangible personal property was negligent. This claim arises from the condition or use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act. The occurrence giving rise to this claim was a direct and proximate result of the conduct of Defendant City of Harlingen and the deaths of Margarita Flores and Delia Morin (Decedents). Defendant City of Harlingen was negligent in various acts and omission, each of which singularly and collectively were the proximate cause of the death of Margarita Flores and Delia Morin. Defendant City of Harlingen breached the duty owed to

Decedents, to exercise reasonable care by committing the following. The said acts and omissions include, but are not limited to:

(1) Issuing, authorizing, approving, and ratifying the issuance, custody, possession and usage of the AK-47 assault rifle by Defendant Vasquez and the transfer to Defendant Moore, who was not trained or proficient in the use of said weapon.

(2) Failing to train and require Defendant Vasquez and Defendant Moore to demonstrate proficiency in the proper use and storage of the AK-47 assault rifle before he was allowed to have possession of it.

(3) Issuing and ratifying the issuance, custody, transfer and use of the weapon by Defendant Vasquez and Defendant Moore that was not required of their duties.

(4) Allowing Defendant Vasquez to issue and allowing Defendant Moore to keep assault rifles in his son's room and allowing the use of the weapon, knowing that his son Ernest Moore was psychologically unstable, a cocaine and marijuana user, under Prozac medication, and a collector of Neo-Nazi propaganda and that Defendant Moore knew or highly suspected that Ernest Moore planned to travel to Rio Hondo with the assault weapon on July 7, 1998, with intention of committing violent acts.

(5) Negligent entrustment of the weapon.

(6) Failing to make receipt, inventory and necessary disposal of a weapon described as an AK-47 assault rifle that had been tendered by a concerned citizen to the Harlingen Police Department on condition that it be destroyed.

24. Plaintiffs would show the Court that each of the foregoing acts and omissions, singularly or in any combination with others constituted negligence, which proximately caused the occurrence that forms the basis of this action and Plaintiffs' damages.

VII.
Causes of Action Against R.D. Moore and Joseph B. Vasquez

25. Acting under color of law, Defendant Vasquez and Defendant Moore, as police officers for the City of Harlingen Police Department, received, took custody, transferred, and

took possession of the AK-47 semi-automatic rifle although they were aware that said weapon was not required by their duties. Defendants Moore and Vasquez demonstrated a complete indifference to the lives and safety of citizens by transferring and having possession of a weapon and improperly storing the AK-47 semi-automatic rifle in a place easily accessible to Defendant Moore's son, Ernest Moore. Defendants Vasquez' and Moore's actions caused and resulted in the violation of the constitutional rights of Decedents secured under the Constitution and laws of the United States. Defendants Vasquez' and Moore's acts and omissions include, but are not limited to the following:

    (1) Acquiescing in the receipt, transfer, and possession of a weapon they knew was not required for their duties as police officers.

    (2) Acquiescing in the receipt, transfer, and possession of a weapon that they knew they were not properly trained or proficient in.

    (3) Failing to properly store the weapon.

    (4) Failing to properly destroy the weapon.

    (5) Storing the weapon in a place with other assault weapons that were known to be accessible to Ernest Moore.

26. Defendants Vasquez' and Moore's omissions constitute an intentional, deliberate, or conscious indifference by Defendants to the lives and safety of citizens. It was and is Detective Moore and Detective Vasquez responsibility and duty not to improperly possess deadly weapons and to properly secure all deadly weapons coming into their possession, care, custody, or control from the City of Harlingen, or personal weapons to be used by them as police officer, and to prevent their access to and unlawful use by others against citizens. It is also Defendant Vasquez and Defendant Moore's responsibility and duty to comply with minimum constitutional requirements and to know and to comply with all constitutional and lawful

<u>Plaintiffs' First Amended Complaint</u>      10

policies, procedures, practices, and customs of the City of Harlingen, Texas. It was Defendant Moore's responsibility to know and to comply with all laws, including the Constitution and laws of the United States and of the State of Texas, governing the performance of his duties and not to be intentionally, deliberately, or consciously indifferent to any of those responsibilities or to the constitutional rights of others. In all of these responsibilities material to this lawsuit, Defendant Vasquez and Defendant Moore failed, while acting under color of state law, in violating decedents' constitutional rights by a state-created danger.

27. Defendant Vasquez and Defendant Moore's actions violate Plaintiffs' Fourteenth Amendment rights to the United States Constitution for which redress is provided pursuant to 42 U.S.C. §1983.

Texas Tort Claim

28. At the time of the incident in question, Defendants Vasquez' and Moore's condition or use of the AK-47 assault rifle as tangible personal property was negligent. This claim arises from the condition or use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act. The occurrence giving rise to this claim was a direct and proximate result of the conduct of Defendants Vasquez and Moore and the deaths of Decedents. Defendant's Vasquez and Moore was negligent in various acts and omissions, each of which singularly and collectively were proximate causes of the deaths of Decedents. Defendants Vasquez and Moore breached the duty owed to Decedents, to exercise reasonable care by committing the following. The said acts and omissions include, but are not limited to:

  (1) Acquiescing in the receipt, transfer, and possession of a weapon they knew was not required of them as a police officer.

 (2) Acquiescing in the receipt, transfer, and possession of a weapon that they knew they were not properly trained or proficient in.

 (3) Failing to properly store the weapon.

 (4) Failing to destroy the weapon.

 (5) Storing the weapon in a place that was known to be accessible to Ernest Moore.

 (6) Negligent entrustment of the City of Harlingen property to Ernest Moore.

## VIII.
## Causes of Action Against Jim Scheopner

### Federal Claim

29. Acting under color of law, Defendant Scheopner, as chief of police for the City of Harlingen Police Department, demonstrated a complete indifference to the safety and constitutional rights of Margarita Flores and Delia Morin. Defendant allowed Defendants Vasquez and Moore to have possession of the AK-47 semi-automatic rifle although he was aware that said weapon was not required for Defendants Vasquez and Moore's duties. Defendant Scheopner's actions caused and resulted in the violation of the constitutional rights of Decedents secured under the Constitution and laws of the United States. Defendant Scheopner's acts and omissions include, but are not limited to the following:

 (1) Not adopting and enforcing policies which required that every officer, including Defendants Vasquez and Moore, first be trained in the proper use, proficiency, and storage of every weapon and first demonstrate his or her proficiency in every weapon before it was ever issued to him or allowed to have possession by the officer.

 (2) Failing to properly train Defendants Vasquez and Moore in the proper usage of the weapon in question.

 (3) Ratifying the issuance and authorization of the transfer, possession and use of the weapon by Defendant Vasquez and the subsequent transfer to

        Defendant Moore although he was not properly trained or proficient in its use.

(4) Failing to properly train Defendants Vasquez and Moore on how to store the weapon in question.

(5) Failing to properly train Defendants Vasquez and Moore in how to secure the weapon in question.

(6) Failing to properly train Defendant Vasquez and Moore to properly dispose of or destroy the weapon in question.

(7) Directly or indirectly allowing the transfer and possession of the assault rifle to Defendant Moore and allowed him to keep it knowing that Defendant Moore was not trained in the appropriate handling and storage of the weapon and performed no duties that required its use.

(8) Allowing Defendant Moore to keep rifles in his son's room and allowing the use of the weapon, knowing that his son Ernest Moore was psychologically unstable, a cocaine and marijuana user, under Prozac medication, and a collector of Neo-Nazi propaganda.

(9) Failing to discipline Defendant Moore for allowing Ernest Moore access to the assault rifle that was used to kill the decedents.

30. It was Defendant Scheopner's responsibility to know and to comply with all laws, including the Constitution and laws of the United States and of the State of Texas, governing the performance of his duties and not to be intentionally, deliberately, or consciously indifferent to any of those responsibilities or to the constitutional rights of others. In all of these responsibilities material to this lawsuit, Defendant Scheopner failed, while acting under color of state law, in violating decedents' constitutional rights by a state-created danger.

31. Defendant Schoepner's actions violate Plaintiffs' Fourteenth Amendment rights to the United States Constitution for which redress is provided pursuant to 42 U.S.C. §1983.

<u>Texas Tort Claim</u>

32.     At the time of the incident in question, Defendant Scheopner's condition or use of tangible personal property was negligent. This claim arises from the condition or use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act. The occurrence giving rise to this claim was a direct and proximate result of the conduct of Defendant Scheopner and the deaths of Decedents. Defendant Scheopner was negligent in various acts and omissions, each of which singularly and collectively were proximate cause of the death of Margarita Flores and Delia Morin (Decedents). Defendant Scheopner breached the duty owed to decedents, to exercise reasonable care by committing the following. The said acts and omissions include, but are not limited to:

(1)     Failing to properly train Defendant Vasquez and Defendant Moore in the proper usage of the rifle in question.

(2)     Ratifying the issuance and authorization of the transfer, possession and use of the weapon to Defendants Vasquez and Moore who was not properly trained or proficient in its usage.

(3)     Failing to properly train Defendant Vasquez and Moore on the storage of the rifle in question.

(4)     Failing to properly train Defendant Vasquez and Moore on how to destroy the rifle in question.

(5)     Negligent entrustment of the weapon to Defendant Moore and Ernest Moore.

33.     Plaintiff would show the Court that each of the foregoing acts and omission, singularly or in any combination with others constituted negligence, which proximately caused the occurrence that forms the basis of which this action and Plaintiffs' injuries and damages in excess of the minimum jurisdictional limits of the Court.

IX.
Notice of Claim

Plaintiffs' First Amended Complaint                    14

34.  Defendant City of Harlingen had actual notice of Plaintiffs' claims for the death of Decedents, in that the incident, which forms that basis of this action, was investigated by numerous authorities, including federal, state, and members of the Harlingen Police Department. As a result of that investigation, City of Harlingen acquired full, complete, and actual knowledge of the occurrence giving rise to Plaintiffs' causes of action.

35.  Prior to the filing of this suit the Plaintiffs presented to Defendant City of Harlingen, Texas notice of the claim against it as prescribed by Sections 101.101 of the Texas Tort Claims Act. A true and correct copy of the notice is attached hereto as Exhibit "A" and incorporated by reference the same as fully copied and set forth at length.

## X.
### Damages

36.  Plaintiffs are all beneficiaries entitled to bring this action pursuant to Section 71.004 and 71.021 of the Texas Civil Practice and Remedies Code, respectively the Texas Wrongful Death Statute and the Texas Survival Statute. Their names and relationship to Margarita Flores, deceased, and Delia Morin, deceased are:

| NAME | RELATIONSHIP TO DECEDENT MARGARITA FLORES |
| --- | --- |
| DONALD MORIN | SON |
| DIANA MORIN | DAUGHTER |
| DANNY MORIN | SON |
| JENNIFER MAY GWIN | DAUGHTER |

| NAME | RELATIONSHIP TO DECEDENT DELIA MORIN |
| --- | --- |
| RUBEN RIOS, JR. | SON |
| BRIAN MORIN | SON |

Plaintiffs' First Amended Complaint                 15

37. Defendants' acts and omissions, as set out above, are proximate causes of Plaintiffs Donald Morin, Diana Morin, Danny, Morin, and Jennifer May Gwin's damages, including loss of love, loss of companionship, advice, comfort, support, both emotional and financial and mental anguish as a result of the death of their mother, Margarita Flores.

38. Defendants' acts and omissions, as set out above, are proximate causes of Plaintiff Ruben Rios, Sr., as Next Friend of Ruben Rios, Jr. and Maria D. Lopez, as Next Friend of Brian Morin's damages, including loss of love, loss of companionship, advice, comfort, support, both emotional and financial and mental anguish as a result of the death of their mother, Delia Morin.

## XI.
## Exemplary Damages

39. The negligence of the Defendants described above was of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others. Moreover, the Defendants engaged in a conduct of conscious indifference to the rights, safety, or welfare of others, despite the Defendants' actual subjective awareness of the risk involved. Plaintiffs seek exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

## XII.
## Jury Demand

40. Plaintiffs assert their rights under U.S. Const. Amend. 7 and demand a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

# XIII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final trial Plaintiffs have and recover from each of the Defendants herein the following relief:

1. Judgment against each and all of the Defendants both jointly and severally for actual and compensatory and special damages sustained by Plaintiffs herein;

2. Pre-judgment interest at the highest legal rate;

3. Post judgment interest at the highest legal rate;

4. Attorney's fees;

5. All cost of court herein expended;

6. Such other and further relief to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
Jerry J. Trevino
State Bar No. 20211228
Federal ID No. 15031

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiffs' First Amended Complaint was delivered to counsel of record listed below on this __15__ day of __September__, 2000.

Mr. Roger W. Hughes
ADAMS & GRAHAM
222 E. Van Buren, West Tower
Harlingen, Texas 78551

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL
2424 North 10th Street, Suite 201
P.O. Drawer 3766
McAllen, Texas 78501

_____
Jerry J. Treviño